**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

**Electronically Filed
Intermediate Court of Appeals
CAAP-19-0000381
03-JUN-2022
08:12 AM
Dkt. 68 SO**

NO. CAAP-19-0000381 and NO. CAAP-19-0000382

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-19-0000381**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PHILIP BIKLE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(Case No. 3DTC-16-005744)

and

**CAAP-19-0000382**
STATE OF HAWAI'I, Plaintiff-Appellee,
v.
PHILIP BIKLE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
PUNA DIVISION
(Case No. 3DTI-16-016896)

**SUMMARY DISPOSITION ORDER**
(By: Ginoza, Chief Judge, Hiraoka and Wadsworth, JJ.)

Self-represented Defendant-Appellant Philip **Bikle** appeals from: **(1)** the "Judgment After Trial De Novo & Notice of Entry of Judgment" entered by the District Court of the Third Circuit, Puna Division, on April 12, 2019, in case 3DTI-16-016896 (**Traffic Infraction Case**); and **(2)** the "Judgment and Notice of Entry of Judgment" entered by the District Court of the Third Circuit, Puna Division, on April 12, 2019, in case 3DTC-16-005744

(**Traffic Crime Case**).[1]  For the reasons explained below, we affirm the judgments in both cases.

On November 11, 2016, a Hawaiʻi County Police Department (**HCPD**) police officer stopped a vehicle that did not have a license plate, safety check sticker, or registration or weight tax sticker.  Bikle was the driver.  He was unable to produce a driver's license, vehicle registration, or proof of motor vehicle insurance.

The police officer issued two citations to Bikle: **(1)** Notice of Traffic Infraction(s) no. 3DTI-16-016896 (**Infraction Citation**) for no vehicle license plate in violation of Hawaii Revised Statutes (**HRS**) § 249-7, delinquent vehicle tax in violation of HRS § 249-2, no certificate of inspection in violation of HRS § 286-25, and no registration in vehicle in violation of HRS § 286-47(3); and **(2)** Citation for Traffic Crimes no. 3DTC-16-005744 (**Criminal Citation**), for driving motor vehicle without valid driver's license in violation of HRS § 286-102 and no motor vehicle insurance policy in violation of HRS § 431:10C-104.

Bikle contested both citations.  In the Traffic Infraction Case, the district court entered a judgment for the State and against Bikle on all counts of the Infraction Citation on December 29, 2016.  Bikle requested a trial de novo under Rule 19(a) of the Hawaiʻi Civil Traffic Rules (**HCTR**).  In the Traffic Crime Case, Bikle was arraigned on January 4, 2018.  Over the next two-and-a-half years, the district court held multiple hearings addressing legal and procedural challenges made by Bikle in both cases.

A consolidated trial de novo for the Traffic Infraction Case and trial for the Traffic Crime Case took place on March 1, 2019, and continued on April 12, 2019.  On April 12, 2019, in the Traffic Infraction Case, Bikle was found guilty of no vehicle

---

[1]     The Honorable Harry P. Freitas presided over the consolidated trial.

license plate, delinquent vehicle tax, and no certificate of inspection.  The no registration in vehicle charge was dismissed.  In the Traffic Crime Case, Bikle was found guilty of Driving Motor Vehicle Without Valid Driver's License and No Motor Vehicle Insurance Policy.  These appeals followed.[2]

Bikle contends in both cases that he was not charged within the statute of limitations and therefore the alleged offenses were time-barred.  The applicable statute for both cases is HRS § 701-108 (2014).  It provides, in relevant part:

> **Time limitations.**
>
> . . . .
>
> (2)   Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:
>
> . . . .
>
> (f)   A prosecution for a petty misdemeanor or a violation other than a parking violation must be ***commenced within one year*** after it is committed.
>
> . . . .
>
> (5)   A prosecution is ***commenced*** either when an indictment is found or a complaint filed, or when an arrest warrant or ***other process is issued***, provided that such warrant or process is executed without unreasonable delay.

(bold italics added).  Bikle contends that his prosecution in both cases commenced when he was arraigned, which in both cases was more than one year after his traffic infractions and crimes took place.

---

[2]     Bikle's opening briefs in both appeals fail to comply with Rule 28(b)(4) of the Hawaiʻi Rules of Appellate Procedure.  Nevertheless, to promote access to justice the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and self-represented litigants should not automatically be foreclosed from appellate review because they fail to comply with court rules.  <u>Erum v. Llego</u>, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  We address Bikle's points of error to the extent we can discern them.

### Traffic Infraction Case

HCTR Rule 6 provides:

> An action is commenced by serving the notice of infraction on the driver of a motor vehicle or by affixing the notice conspicuously to the vehicle.

HCTR Rule 7 provides:

> The officer or some other person authorized by the issuing entity shall file the original of the notice of infraction with, or transmit an electronic copy of the notice of infraction to, the Traffic Violations Bureau or District Court in the circuit where the alleged infraction occurred, no later than ten (10) calendar days after the date the notice is issued.

"Officer" is defined as "[p]olice or other person authorized by law to issue a notice of infraction."  HCTR Rule 3.

For purposes of HRS § 701-108, the Infraction Citation was "other process" issued to Bikle.  The prosecution of the Traffic Infraction Case commenced when the HCPD officer served the Infraction Citation on Bikle.  Bikle's contention that the statute of limitations barred his prosecution lacks merit. Bikle's related argument that the Infraction Citation was invalid because the police officer who issued it was "not licensed as an attorney, nor does he work from the prosecutor's office" lacks merit.

Although not stated as a point of error, Bikle argues that the Infraction Citation "could not possibly be construed as conveying all of the elements of the offenses alleged and it would be a violation of due process to allow such a vague instrument to be used for 'informing' a defendant of the allegations for which a defense must be prepared."  HCTR Rule 9 provides, in relevant part:

> The notice of infraction is sufficient if it contains either a written description of or statutory designation for the infraction.

The Infraction Citation contained the statutory designation for each of Bikle's infractions. Bikle's due process argument lacks merit.

### **Traffic Crime Case**

The traffic crimes for which Bikle was charged were petty misdemeanors or violations. Police officers are authorized to issue citations for petty misdemeanors or violations. HRS § 803-6 (2014) provides, in relevant part:

> (b)    In any case in which it is lawful for a police officer to arrest a person without a warrant for a misdemeanor, petty misdemeanor or violation, the police officer may, but need not, issue a citation in lieu of [making an arrest] if the police officer finds and is reasonably satisfied that the person:
>
> (1)    Will appear in court at the time designated;
>
> (2)    Has no outstanding arrest warrants which would justify the person's detention or give indication that the person might fail to appear in court; and
>
> (3)    That the offense is of such nature that there will be no further police contact on or about the date in question, or in the immediate future.
>
> . . . .
>
> (d)    Where a citation has been issued in lieu of [arrest], the officer who issues the summons or citation may subscribe to the complaint:
>
> . . . .
>
> (2)    By declaration in accordance with the rules of court.

Bikle's Criminal Citation stated:

> **COMPLAINT:** The undersigned officer, on behalf of Plaintiff State of Hawaiʻi, declares under penalty of law that he/she has probable cause to believe and does believe that on the date, at the time, and under the conditions indicated, the named defendant did commit the criminal offense(s) noted below and that the same is true and correct to the best of his/her knowledge and belief.

This form of declaration complies with Appendix B of the Rules of the District Courts of the State of Hawaiʻi.

For purposes of HRS § 701-108, the Criminal Citation was "other process" issued to Bikle.  The prosecution of the Traffic Crime Case commenced when the HCPD officer issued the Criminal Citation to Bikle on November 11, 2016 (the date the offenses were committed).  Bikle's contention that the statute of limitations barred his prosecution lacks merit.

Bikle raises five additional arguments in the Traffic Crime Case:

1.    "The [district court] Erred [sic] in conducting and establishing a prima facie case, and by not finding that, as a matter of law, the prosecution had failed to comply with the requirements of process for initiating a criminal case that caused harmful effects and injustice to [Bikle]."

The Traffic Crime Case was called for arraignment and plea on December 15, 2016.  Bikle stated he was challenging jurisdiction and wanted a bill of particulars.  The district court referred Bikle to the Office of the Public Defender and continued the proceeding.  Bikle argues:

> There were no valid charges against me and no proof of service of a summons and Judge Freitas should not have ordered me to appear after the December 15, 2016 hearing and he should not have required that I file a written motion to dismiss when the foundational pleadings for initiating a case against me had not even been filed, and this was pointed out to him on the record.  This was a violation of the right to due process.

(citation to the record omitted).  As explained above, the Traffic Crime Case was properly commenced when the HCPD officer issued the Criminal Citation to Bikle.  Bikle was orally charged on January 4, 2018.  The district court did not deprive Bikle of his right to due process.

6

2.    "[The district court] erred by ordering [Bikle] to a bench trial without conducting a probable cause hearing to determine if the warrantless seizure of [Bikle] by [HCPD] Officer Clarence Davies was lawful and also without conducting an arraignment hearing, or obtaining the knowing waiver of said hearing by [Bikle]."

Bikle argues, for the first time on appeal, that the district court erred by failing to hold a probable cause hearing to determine the validity of his warrantless seizure.  "As a general rule, if a party does not raise an argument at trial, that argument will be deemed to have been waived on appeal; this rule applies in both criminal and civil cases."  State v. Moses, 102 Hawaiʻi 449, 456, 77 P.3d 940, 947 (2003) (citations omitted).  Bikle's opening brief does not identify when or how this issue was raised to the district court.  We decline to address this point of error.

3.    "[The district court] erred by failing to acknowledge that only a licensed prosecutor may initiate prosecution for a criminal case and a police officer is not a prosecuting officer.  This is a due process violation."

As explained above, the Traffic Crime Case was properly commenced when the HCPD officer issued the Criminal Citation to Bikle.  The district court did not deprive Bikle of his right to due process.

4.    "The totality of the actions by Judge Harry Freitas present clear bias and prejudice that prevented [Bikle] from having fair proceedings and a fair trial."

Judge Freitas presided over the initially set December 15, 2016 arraignment and plea hearing, and continued the hearing to January 4, 2018.  Bikle contends: "Judge Freitas ignored me when I entered multiple objections to being charged after the statute of limitations and he entered a plea for me."

The January 4, 2018 transcript of proceedings shows that after Bikle was arraigned by the deputy prosecuting attorney in the Traffic Crime Case he refused to enter a plea, stating: "You've already past the statute of limitations for when he's allowed to arraign me." He also stated: "I would . . . like to leave here today with a dismissal because, uh, prosecution failed to initiate any charges. They're the only ones authorized in the State of Hawaii to bring charges. . . . You guys -- you guys past [sic] the statute of limitations." Judge Freitas responded:

> Okay. Then at this time what I'll do is I'll note your representation and the fact that you don't wanna enter a plea as to the arraignment, so at this time the Court's gonna enter your not guilty pleas as to the arraignment . . . of the charges.
>
>     . . . .
>
>     I'm gonna set it for a trial, you can file whatever you want, and then we'll just go from there.

The record does not support Bikle's argument that Judge Freitas was biased or prejudiced. Bikle's point of error lacks merit.

**5.** "The totality of the actions by Judge Michael Udovic present clear bias and prejudice that prevented Defendant-Appellant from having fair proceedings."

Judge Udovic presided over the March 30, 2017 evidentiary hearing on Bikle's motion to suppress evidence. Bikle contends:

> [O]n March 2 [sic], 2017 [Judge Udovic] scheduled a trial date even though . . . there were no written charges filed and the Official Transcript for the arraignment day of December 15, 2016 shows [the deputy prosecuting attorney] failed to enter any oral charges. Judge Michael Udovic also required Defendant-Appellant to file a motion to suppress **before** any charges were ever filed. This is irregular process and a complete violation of due process rights.

During the hearing on March 30, 2017, Judge Udovic denied Bikle's motion to suppress. Bikle stated an intention to take an interlocutory appeal. Judge Udovic then set a status

conference regarding the filing of an interlocutory appeal for June 1, 2017.  The record does not support Bikle's argument that Judge Udovic was biased or prejudiced.  Bikle's point of error lacks merit.

For the foregoing reasons, the "Judgment After Trial De Novo & Notice of Entry of Judgment" entered on April 12, 2019, in the Traffic Infraction Case; and the "Judgment and Notice of Entry of Judgment" entered on April 12, 2019, in the Traffic Crime Case, are affirmed.

DATED:  Honolulu, Hawaiʻi, June 3, 2022.

On the briefs:

Philip Bikle,
Self-represented
Defendant-Appellant.

Leneigha S. Downs,
Deputy Prosecuting Attorney,
County of Hawaiʻi,
for Plaintiff-Appellee.

/s/ Lisa M. Ginoza
Chief Judge

/s/ Keith K. Hiraoka
Associate Judge

/s/ Clyde J. Wadsworth
Associate Judge